J. S44039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRYAN PATRICK GALVIN, | : | No. 446 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 11, 2019,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-CR-0000203-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 21, 2019**

Bryan Patrick Galvin appeals from the March 11, 2019 judgment of sentence imposing one year of probation and ordering appellant to pay a $1,000 fine and $667 in restitution entered in the Court of Common Pleas of Elk County after a jury convicted appellant of criminal mischief.[1] Elk County Public Defender Gary A. Knaresboro, Esq. ("Public Defender Knaresboro"), filed an **Anders** brief[2] and a petition to withdraw, both alleging this appeal is frivolous. We deny counsel's petition to withdraw and remand this case.

---

[1] 18 Pa.C.S.A. § 3304(a)(1).

[2] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

The record reflects that on January 8, 2019, a jury found appellant guilty of criminal mischief stemming from damage appellant caused to a large screen television appellant's girlfriend rented from Aaron's Rental. Appellant did not present any oral or written motions prior to the trial court's imposing a sentence of one year of probation and ordering appellant to pay a $1,000 fine and $667 in restitution. Appellant did not file any post-sentence motions. Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Preliminarily, we must address Public Defender Knaresboro's petition to withdraw and the accompanying *Anders* brief, wherein Public Defender Knaresboro states that, after a conscientious review of the entire record, he determined that this appeal is wholly frivolous.

"When presented with an *Anders* brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our [s]upreme [c]ourt in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel

citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."

*Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Public Defender Knaresboro has satisfied the technical requirements of *Anders* and *Santiago*.[3] In his *Anders* brief, counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel raises one claim that could arguably support an appeal, but ultimately concludes that the appeal is frivolous. Counsel has also attached to his petition a letter to appellant that meets the notice requirements of *Millisock*. Appellant has not filed a response to counsel's letter, the *Anders* brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

In his *Anders* brief, counsel raises the following issue on appellant's behalf: "Whether the weight of the evidence presented at trial was sufficient to sustain a conviction[?]" (*Anders* brief at vi (full capitalization omitted).)

We need not turn to the merits of appellant's issue, however, because our independent review of the record reveals that the notes of testimony from appellant's sentencing hearing, as well as a copy of the pre-sentence

---

[3] We note that counsel failed to attach a copy of the trial court's Rule 1925(a) opinion to his *Anders* brief pursuant to Pennsylvania Rule of Appellate Procedure 2111(a)(10). However, a copy of the Rule 1925(a) opinion is part of the certified record.

investigation ("PSI") report that was requested by the trial court in its order entered January 10, 2019, are not part of the certified record.

Section 9726(c) of the Sentencing Code mandates that the trial court "shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S.A. § 9726(c). Our supreme court recently stated, "a sentence is illegal when the record is silent as to the defendant's ability to pay the fine imposed." **Commonwealth v. Ford**, 46 MAP 2018, 2019 WL 4686803, at *4 (Pa. September 26, 2019). The **Ford** court opined that "the plain language of [Section 9726(c)] is clear: trial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." **Id.** The **Ford** court held that notes of testimony or a thorough PSI report could satisfy the mandate of Section 9726(c). **Id.** at *6 n.14.

Here, the record demonstrates that neither the notes of testimony from appellant's sentencing hearing nor the PSI report ordered by the trial court are part of the trial court record. (Trial court docket sheet, CP-24-CR-0000203-2018 at 4-7.[4]) Without the notes of testimony or the PSI report, Public Defender Knaresboro could not have fulfilled his duty to review the

---

[4] We note that the trial court failed to send the complete ten pages of the criminal docket in case number CP-24-CR-0000203-2018 as part of its certified record submitted to this court.

**entire** record to determine if there were any non-frivolous issues. Specifically, without the notes of testimony from the sentencing hearing or the PSI report, Public Defender Knaresboro could not have determined whether a non-frivolous issue existed with the trial court's sentence that included, among other things, imposing a non-mandatory $1,000 fine on appellant. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015) (holding that without the notes of testimony from the guilty plea proceedings as part of the record, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues). Public Defender Knaresboro was required to review the **entire** record to ensure there was record evidence that appellant was able to pay the fine and that the fine would not prevent appellant from making restitution. *See* 42 Pa.C.S.A. § 9726(c); *see also Ford*, 2019 WL 4686803, at *4. Absent such record evidence, a non-frivolous issue of an illegal sentence exists and should be raised on appeal. *See Ford*, 2019 WL 4686803, at *4.

Based on the record at this time, we deny Public Defender Knaresboro's petition to withdraw.

We remand this case and direct the trial court to supplement the certified record within 30 days of the date of this memorandum to include the sentencing hearing transcript, the PSI report, and any other pre-sentencing material the trial court relied on when imposing a $1,000 fine on appellant, as well as a complete copy of the criminal docket sheet for this case. Within that

30-day period, the trial court shall also file a supplemental Rule 1925(a) opinion detailing the record evidence it relied upon to determine appellant's ability to pay the fine before imposing the $1,000 fine and addressing the legality of appellant's sentence in accordance with **Ford**.

Within 15 days following the trial court's supplementing of the certified record and filing of its supplemental Rule 1925(a) opinion, Public Defender Knaresboro shall file an advocate's brief or another **Anders** brief and petition to withdraw following completion of the entire record review.

Petition denied.  Case remanded.  Jurisdiction retained.